No. 3558

Second Circuit

VALLEY SECURITIES CO., INC., v. SCRUGGS ET AL.

(May 8, 1929. Opinion and Decree.)

E. P. Norman, of Rayville, attorney for plaintiff, appellant.

Warren Hunt, of Rayville, attorney for defendants, appellees.

WEBB, J. Plaintiff, Valley Securities Company, Inc., holder and owner of a note which had been acquired by it for a valuable consideration and before maturity, brought this action against the drawer, J. B. Scruggs, and the indorser, Auto Sales & Service Company, a commercial partnership, and the individuals composing the partnership, to recover judgment for the amount of the note, interest, and attorney's fees, subject to certain admitted credits, and it appeals from a judgment rejecting its demands as in case of nonsuit.

The note represented a part of the purchase price of an automobile sold by the Auto Sales & Service Company to Scruggs which was secured by a chattel mortgage on the automobile, which was destroyed by fire while in the possession of the purchaser, and the defense interposed by the defendants, drawer and indorser, was, in substance, that, following a custom, the price of the automobile had been fixed so

as to include an amount for carrying or service charges, which included the cost of insurance to be procured by the holder of the note for protection against loss by fire of the security or the mortgaged property, and that plaintiff accepted the transfer with knowledge of the custom, and defendants had been led to believe that the automobile had been insured and had not procured insurance to protect themselves against loss, and plaintiff having failed to have the property insured should not be permitted to recover, and defendants prayed for judgment accordingly.

Parol evidence was introduced, without objection, in support of the defense, which established that it is customary, where automobiles are sold on credit, for an amount to be added to the price to cover so-called service charges, and that the custom was followed by the Auto Sales & Service Company in making the sale to Scruggs, and also that in former transactions between the Auto Sales & Service Company and plaintiff the latter had procured insurance on the property mortgaged, but it is not stated that plaintiff had, in this instance, agreed to have the mortgaged property insured at the time the note was transferred to it, but, on the other hand, it appears that there was some correspondence between the Auto Sales & Service Company and plaintiff subsequent to the transfer of the note, relative to insuring the property, but it does not appear that plaintiff agreed to have the property insured.

Whatever may have been the agreement between Scruggs and the Auto Sales & Service Company, relative to the latter having the automobile insured, plaintiff was not a party to the agreement, and it not being shown that, as between the Auto Sales & Service Company and plaintiff, there was an agreement that the latter would have the automobile insured for the protection of the Auto Sales & Service Company or of plaintiff, as its interest might appear, and the act of mortgage stipulating that the mortgagor should keep the automobile insured, loss payable to the mortgagee, or its indorsee, the fact that plaintiff may have procured insurance for the protection of the Auto Sales & Service Company in other transactions is not, we think, sufficient to show that plaintiff was obligated to procure insurance for the protection of the indorser in the present case.

The obligation of the defendants on the face of the note was unconditional, and any parol modification of the agreement should have been alleged and proven with a degree of certainty wholly lacking in the present instance.

The judgment appealed from is therefore avoided and set aside, and it is now ordered, adjudged, and decreed that plaintiff, Valley Securities Company, Inc., do have and recover judgment against defendants J. B. Scruggs, Auto Sales & Service Company, and R. B. Cutler and C. C. Cutler, in solido, in the sum of $390, with 8 per cent per annum interest on $39 thereof from November 1, 1927, until paid, and like interest on $39 thereof from December 1, 1927, until paid, and like interest on $39 thereof from January 1, 1928, until paid, and like interest on $39 thereof from February 1, 1928, until paid, and like interest on $39 thereof from March 1, 1928, until paid, and like interest on $39 thereof from April 1, 1928, until paid, and like interest on $39 thereof from May 1, 1928, until paid, and like interest on $39 thereof from June 1, 1928, until paid, and like interest on $39 thereof from July 1, 1928, until paid, and like interest on $39 thereof from August 1, 1928, until paid, and 15 per cent thereon as attorney's fees, and all costs of suit.